PER CURIAM.
The trial court’s order dismissing appellant’s motion for jail credit for time served prior to being placed on probation is affirmed.
After revocation of probation,
[t]he court shall determine the amount of jail-time credit to be awarded for time served between the date of arrest as a violator and the date of recommitment, and shall direct the Department of Corrections to compute and apply credit for all other time served previously on the prior sentence for the offense for which the offender is being recommitted.
§ 921.0017, Fla. Stat. (1997) (emphasis added).
Appellant’s motion acknowledged that the trial court ordered credit for the time he spent in jail after violating probation until recommitment. If appellant has a dispute with the amount of credit for other time served, as calculated by the Depart- *1175 merit, his remedy lies "with the Department, which has the authority to consider complaints concerning miscalculations of credit for time served. If he does not obtain such administrative relief, his remedy then is to file a petition for writ of mandamus in the circuit court located where he is incarcerated. See Smith v. State, 785 So.2d 1237 (Fla. 4th DCA 2001). This affirmance is without prejudice to his doing so.
KLEIN, SHAHOOD and TAYLOR, JJ., concur.